Salvatore Raffa et al.
vs.                          No. 4418.
Joseph S. Josephson et al.

June 3, 1932.

CARPENTER, J. In this action the plaintiffs seek to recover damages for an alleged breach of the covenants of seisin and of right to convey which were contained in a warranty deed delivered to them by Israel J. Josephson, late of the City of Newport, deceased, in which he purported to convey to the plaintiffs the premises described in their declaration. This deed is dated February 24, 1928.

Plaintiff Salvatore Raffa testified that in 1930 he applied to a local bank for a mortgage loan; that his application was declined, and he was advised by the attorneys representing the bank that his title was defective.

The evidence shows that Israel J. Josephson in September, 1924, conveyed the premises in question to Irene E. Levy, and that there is on record no reconveyance from Irene E. Levy to Israel J. Josephson, so that as far as the record shows Israel J. Josephson had no title to convey to the plaintiffs in February, 1928. Testimony has been introduced, however, that Irene E. Levy signed and delivered a deed to Israel J. Josephson some time before he conveyed the premises to the plaintiffs, but through an oversight the deed was never recorded and has either been lost or mislaid. To correct this defect, however, the said Irene E. Levy, by Max Levy her husband, has during the trial of the cause delivered to the plaintiffs a deed to the premises.

In addition to this defect in the title the evidence shows that Israel J. Josephson failed to acquire the interests of all the devisees under the Will of David S. Mayberry, who died seized and possessed of the property in 1896, and that the plaintiffs have not a perfect record title to the premises in question.

Testimony introduced on behalf of the plaintiffs shows that the plaintiffs have been unable to obtain any mortgage loans on the premises, and, although they have had opportunities to sell the premises, have been unable to complete a sale because of the alleged defects. The plaintiffs are, therefore, entitled to recover from the defendants as heirs-at-law of Israel J. Josephson, deceased, damages for the breach of the covenants in the deed to them from the said Israel J. Josephson unless they have obtained a good title to the premises through the open, notorious, exclusive and hostile possession of themselves and their predecessors in title.

The testimony is uncontradicted to the effect that Israel J. Josephson in 1920 considered that he was the absolute owner in fee simple of the premises in question; that he rented the premises, collected and applied for his own use all of the rent; that he paid taxes on the premises and made repairs, and exercised full dominion over the property until he conveyed the same to Irene E. Levy in 1924.

Testimony further shows that Irene E. Levy rented the premises and collected the rents, and applied all of the rent for her own use, and during the time that she held the property, paid the taxes thereon.

The plaintiff Salvatore Raffa admitted on cross-examination that since he purchased the property in February, 1928, he and his wife have been in undisturbed and complete possession of the same; that he has always considered that he owned the property until his application for a loan at a local

bank was declined; that he has paid the taxes on the property, made repairs and improvements to the same; that at no time during his possession has anyone asserted any claim to the property; and that during his possession of it, with the exception of a few months in which he was making repairs and improvements, the premises have been continuously occupied by tenants from whom he has collected all of the rent.

The evidence also shows that at no time since Israel J. Josephson came into possession of the property has any adverse claim been made by any person to the property, or has the ownership of the said Israel J. Josephson, Irene E. Levy and the plaintiffs respectively ever been challenged.

For these reasons the Court finds that whatever defects there may have been in the record title of Israel J. Josephson to the premises in question have been cured and the title of the plaintiffs has been perfected through the uninterrupted, quiet, peaceful and actual seisin and possession of Israel J. Josephson, Irene E. Levy and the plaintiffs, all of whom claimed the premises as their proper, sole and rightful estate in fee simple, from 1920 to the present day.

The Court finds for the defendants.

For plaintiffs: Burdick, Corcoran and Peckham.

For defendants: Albert L. Greenberg.